**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CIVIL DIVISION**

| | |
|---|---|
| **WORTHINGTON CITY SCHOOL** ) <br> **DISTRICT BOARD OF EDUCATION** ) <br> 200 E. Wilson Bridge Rd. ) <br> Worthington, OH  43085 ) <br>  ) <br> **Plaintiff,** ) <br>  ) <br> v. ) <br>  ) <br> **LANCE MOORE,** ) <br> in his individual capacity, and as parent and ) <br> natural guardian of C.M., a minor ) <br> 1510 Park Club Drive ) <br> Westerville, OH  43081 ) <br>  ) <br> and ) <br>  ) <br> **SUSAN MOORE,** ) <br> in her individual capacity, and as parent ) <br> and natural guardian of C.M., a minor ) <br> 1510 Park Club Drive ) <br> Westerville, OH  43081 ) <br>  ) <br> **Defendants.** ) | Case No.: 2:20-cv-03155 <br><br> Judge: <br> Magistrate Judge: |

**VERIFIED COMPLAINT OF PLAINTIFF WORTHINGTON CITY SCHOOL DISTRICT BOARD OF EDUCATION**

Worthington City School District Board of Education (the "Board" or "District") for its Verified Complaint against Defendants, Lance Moore and Susan Moore, in their individual capacities and as parents and natural guardians of C.M., a minor, states as follows:

**PRELIMINARY STATEMENT**

1. The Board brings this action against Defendants to secure redress for the breach of a written settlement agreement under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§1400 *et seq.*

## PARTIES

2. The Board is a political subdivision of the State of Ohio located in Franklin County, Ohio.

3. Defendant, Lance Moore, is a parent and natural guardian of M.E., a minor student enrolled in the District.

4. Defendant, Susan Moore, is a parent and natural guardian of M.E., a minor student enrolled in the District.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§1391(b)(1) and (b)(2), venue is proper in this Court.

6. Pursuant to 28 U.S.C. §1331, this Court possesses subject matter jurisdiction over federal question claims arising under IDEA, 20 U.S.C. §§1400 *et seq.*

7. Pursuant to 20 U.S.C. §1415(e)(2)(F), this Court has the power to enforce settlement agreements reached through a mediation under the IDEA.

8. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the Board's breach of contract claim brought under Ohio state law.

## FACTUAL BACKGROUND

9. On or about June 26, 2018, Defendants filed a Due Process Complaint and Request for Due Process Hearing against the Board with the Ohio Department of Education ("ODE"), which was assigned Case Number SE 3636-2018.

10. A true and accurate copy of the Due Process Complaint is attached as **Exhibit 1**.

11. On or about January 7, 2019, Defendants filed an Amended Due Process Complaint and Request for a Due Process Hearing against the Board with the ODE.

12. A true and accurate copy of the Amended Due Process Complaint is attached as **Exhibit 2**.

13. In the Amended Due Process Complaint, Defendants made various claims, pursuant to the IDEA and Ohio Revised Code Chapter 3323 against the Board regarding provision of a special education program for C.M.

14. The Board disputed all claims against it and stated its program provided C.M. with a free appropriate public education ("FAPE").

15. The Board and Defendants participated in a mediation pursuant to 20 U.S.C. §1415(e).

16. Through settlement discussions continuing from the mediation process, the Board and Defendants resolved all claims raised in the Amended Due Process Complaint.

17. On or about June 26, 2019, the District and Defendants entered into a written settlement agreement under 20 U.S.C. §1415(e)(2)(F) (the "Settlement Agreement").

18. A true and accurate copy of the Settlement Agreement is attached as **Exhibit 3**.

19. The Settlement Agreement, in its introductory paragraph, defines the "Term of this Agreement" as "the time period ranging from the beginning of the summer of 2019 to the end of the summer of 2024."

20. In the Settlement Agreement, at ¶ 6, the District and Defendants agreed to identify C.M.'s least restrictive environment and placement to be "a private facility that specializes in the education of children with autism." The parties further agreed that the separate facility that would provide education services to C.M. would be Bridgeway Academy ("Bridgeway") at the election of the Parents and the District would provide transportation to C.M. to and from Bridgeway Academy during the term of the Settlement Agreement.

21. In the Settlement Agreement, at ¶ 17, Defendants, on their own behalf and on behalf of C.M., agreed to "forever release and discharge the Board . . . from any and all claims, demands, actions, causes of actions or suits at law or in equity of whatsoever kind and nature, which Parents and/or C[.M.] may have had, now have, or may now or hereafter assert against the Board and its Agents for the entire period prior to this Agreement, and during the Term of this Agreement, with respect to C[.M.] and his education including but not limited to claims regarding the provision of FAPE, education, special education, extended school year services, related services, transportation, tuition, room and board, reimbursement, private tutoring, compensatory education, damages, therapy, independent evaluations, and attorney fees."

22. In the Settlement Agreement, at § 17, Defendants, on their own behalf and on behalf C.M., also agreed to "waive all claims and further agree not to challenge or assert claims against the Board or its Agents with respect to C[.M.]'s receipt of special education and related services provided pursuant to this Agreement. This discharge of any liability includes, but is not limited to, a release of all claims arising under Section 1983 of the Civil Rights Act (42 U.S.C. § 1983), 20 U.S.C. § 1400 *et seq.* (i.e., the Individuals with Disabilities Education Improvement Act), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the Americans with Disabilities Act (42 U.S.C. § 12101), the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), Ohio Revised Code Chapter 3323 and Ohio Administrative Code Chapter 3301-51, and any and all claims arising out of Student's placement at Bridgeway Academy."

23. The Settlement Agreement, at § 9, further stated that "[s]ince Bridgeway Academy is the education placement at the election of the Parents, Parents agree that the District shall not be responsible for the efficacy of the educational programing provided to Student by Bridgeway Academy and that neither Parents nor Student shall have the right to seek compensatory education or any other relief from District as a result of any real or perceived failures, injuries or damages caused by Bridgeway Academy or its employees."

24. The Settlement Agreement, at § 19, provides that "[i]f C[.M.] and/or his legal representative(s), as designated by a Court or Parents, ever initiate a legal proceeding seeking to litigate or re-litigate those issues for which a waiver and resolution were provided under Section 17, Parents shall hold the District harmless and indemnify the District for any liability, judgment, legal fees, or other costs and expenses arising from such legal proceedings. This Agreement is enforceable in federal court."

25. At the beginning of the 2019-2020 school year, C.M. began attending Bridgeway Academy.

26. On or about February 19, 2020, Bridgeway Academy discharged C.M. from its school.

27. The cost for C.M. to attend and be transported to and from Bridgeway from August 2019 to February 2020 was $48,252.

28. On or about March 5, 2020, Defendants, on their own behalf and on behalf of C.M., filed a Due Process Complaint and Request for Due Process Hearing against the Board with ODE, which was assigned Case Number SE 3856-2020.

29. A true and accurate copy of the Due Process Complaint is attached as **Exhibit 4**.

30. Defendants' sole claim in Due Process Complaint Number SE 3856-2020 is that the District "denied C.M. FAPE."

31. On or about April 17, 2020, the District filed a Motion for Summary Judgment with Impartial Hearing Officer Linda Mosbacher requesting that IHO Mosbacher dispose of Defendants' Due Process Complaint because Defendants' had waived their right to bring the Due Process Complaint by entering into the Settlement Agreement.

32. On or about May 15, 2020, IHO Mosbacher denied the District's Motion for Summary Judgment.

33. A true and accurate copy of the IHO Mosbacher's decision is attached as **Exhibit 5**.

34. In her ruling, IHO Mosbacher opined that "Parties who seek to enforce a written settlement agreement under IDEA are instructed to file in state or federal district court" because "Hearing Officers do not have the statutory authority to enforce a settlement agreement."

35. IHO Mosbacher further denied the District's request to stay the due process complaint proceedings while the District pursues enforcement of the Settlement Agreement in a court of law.

36. Defendants' Due Process Complaint Number SE 3856-2020 violates Sections 9 and 17 of the Settlement Agreement.

37. Defendants' Due Process Complaint Number SE 3856-2020 triggers Defendants' indemnification obligations under Paragraph 19 of the Settlement Agreement.

## COUNT ONE
## ENFORCEMENT OF SETTLEMENT AGREEMENT
## [20 U.S.C. §1415(e)(2)(F)]

38. The Board incorporates by reference the allegations in paragraphs 1 through 37 above as if fully restated herein.

39. The Board and Defendants entered into the Settlement Agreement through settlement discussions continuing from mediation under 20 U.S.C. §1415(e).

40. The Settlement Agreement is a valid and binding written agreement under 20 U.S.C. §1415(e)(2)(F).

41. To date, the Board performed all of its obligations under the Settlement Agreement.

42. The Board is entitled to enforce the Settlement Agreement in this Court pursuant to 20 U.S.C. §1415(e)(2)(F)(iii).

43. The Board is entitled to a declaration that Defendants have breached the Settlement Agreement.

44. The Board is entitled to an Order from this Court directing Defendants to dismiss with prejudice the Due Process Complaint filed with ODE in Case Number SE 3856-2020.

45. Pursuant to 20 U.S.C. §1415(i)(3), the Board is entitled to reasonable attorney fees and other costs incurred in this action.

## COUNT TWO
## BREACH OF CONTRACT
## [STATE LAW CLAIM]

46. The Board incorporates by reference the allegations in paragraphs 1 through 45 above as if fully restated herein.

47. The Board and Defendants entered into the Settlement Agreement.

48. The Settlement Agreement is a valid and binding contract.

49. To date, the Board performed all of its obligations under the Settlement Agreement.

50. Defendants breached the Settlement Agreement when they filed the Due Process Complaint with ODE in Case Number SE 3856-2020 alleging that the District "denied C.M. FAPE" during the Term of the Agreement.

51. As a direct and proximate result of Defendants' breach of the Settlement Agreement, the Board has suffered damages in an amount to be proven at trial, plus pre- and post-judgment interest.

52. Pursuant to Shanker v. Columbus Warehouse, Ltd., 10th Dist. No. 99AP-772, 2000 Ohio App. LEXIS 2391, the Board is entitled to reasonable attorney fees and other costs incurred in this action.

**COUNT THREE**
**DECLARATIVE JUDGMENT OF CONTRACTUAL INDEMNITY**
**[STATE LAW CLAIM]**

53. The Board incorporates by reference the allegations in paragraphs 1 through 52 above as if fully restated herein.

54. The District and Defendants entered into a Settlement Agreement.

55. The Settlement Agreement is a valid and binding contract.

56. To date, the Board performed all of its obligations under the Settlement Agreement.

57. Defendants triggered their indemnification obligation when they filed the Due Process Complaint with ODE in Case Number SE 3856-2020 alleging that the District "denied C.M. FAPE" during the Term of the Agreement.

58. As a direct and proximate result of Defendant's actions, the Board has incurred legal fees and other costs in an amount to be proven at trial, plus pre- and post-judgment interest.

59. The Board is entitled to a judgment for declaratory relief enforcing the indemnification provision in the Settlement Agreement and damages, to be proven at trial, arising thereunder.

**WHEREFORE,** Plaintiff, Worthington City School District Board of Education, demands the following relief:

A. A declaration enforcing the terms of the Settlement Agreement under IDEA, 20 U.S.C. §1415(e)(2)(F), and ordering Defendants to dismiss Due Process Complaint Case Number SE 3856-2020, with prejudice;

B. A monetary judgment against Defendants in an amount to be determined at trial, plus pre- and post-judgment interest;

C. A declaration enforcing the indemnification provision of the Settlement Agreement and damages, to be proven at trial, arising thereunder;

D. An award of reasonable attorney fees and other costs incurred in this action; and

E.      Any other relief the Court may deem just and proper at law or in equity.

              Respectfully Submitted,

              /s/ Derek L. Towster
              Derek L. Towster, Trial Attorney   (0091315)
              dtowster@scottscrivenlaw.com
              Julie C. Martin, Co-Counsel     (0056163)
              julie@scottscrivenlaw.com
              Scott Scriven LLP
              250 E. Broad Street, Suite 900
              Columbus, OH 43215-3742
              P: (614) 222-8686; F: (614) 222-8688
              *Attorneys for Plaintiff Worthington City School District Board of Education*

## VERIFICATION

STATE OF OHIO                )                        AFFIDAVIT OF
                             )    ss.                 KIM BROWN
COUNTY OF FRANKLIN           )

I, Kim Brown, being first duly sworn, state that I am the Director of Special Education for the Worthington City School District As the Director of Special Education, I have personal knowledge and am otherwise competent to testify regarding the foregoing matters. I have read this Verified Complaint and state that, to the best of my knowledge and belief, the foregoing allegation of fact are true and accurate.

_____
Kim Brown

On this 22nd day of June, 2020, appeared Kim Brown and, after being sworn, attested this to be her true and accurate affidavit, and so provided her signature.



_____
Notary Public

-8-

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing Worthington City School District Board of Education's Verified Complaint was sent via electronic mail on June 23, 2020 to the following counsel who represent the Defendants in Ohio Department of Education, Case Number SE 3856-2020 and upon information and belief will represent Defendants in this matter:

Michelle McGuire      (0076553)
P.O. Box 81804
Cleveland, OH  44181
(440) 396-7844
Michelle.attorney@gmail.com

Carla L. Leader       (0081597)
8717 Tiburon Drive
Cincinnati, OH  45249
(513) 909-4332
carla@cincinnatieducationlaw.com


    /s/ Derek L. Towster

Derek L. Towster, Esq.